UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMITÉ DE APOYO A LOS TRABAJADORES AGRÍCOLAS, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>HILDA SOLIS, et al.,<br><br>        Defendants. | CIVIL ACTION<br><br>No. 09-240 |

## ORDER

**AND NOW**, this 30th day of August, 2010, for the reasons stated in the accompanying opinion, it is hereby **ORDERED** as follows:

(1) Plaintiffs' Motion for Summary Judgment (Docket No. 49) and defendants' Motion for Summary Judgment (Docket No. 56) are **GRANTED IN PART AND DENIED IN PART**. Specifically, plaintiffs' motion is granted, and defendants' motion is denied, to the extent that plaintiffs' motion seeks the invalidation of (1) the portions of 20 C.F.R. § 655.4 (a) defining "full-time," and (b) defining "job contractor" as an entity that "will not exercise any supervision or control in the performance of the services or labor to be performed other than hiring, paying, and firing the workers"; (2) the phrase "at the skill level" in 20 C.F.R. § 655.10(b)(2); (3) the second sentence of 20 C.F.R. § 655.10(b)(2); (4) 20 C.F.R. § 655.15(g); and (5) 20 C.F.R. § 655.22(k), insofar as that provision requires only job contractors, and not the employer clients of job contractors, to submit applications for temporary labor certifications to the Department of Labor ("DOL"). Plaintiffs' motion is otherwise denied, and defendants' motion is otherwise granted;

(2) (a) 20 C.F.R. § 655.15(g) and the portions of 20 C.F.R. § 655.4 and 20 C.F.R. § 655.10(b)(2) identified in (1) above are remanded to defendant DOL without vacatur for further proceedings consistent with the accompanying opinion; and (b) 20 C.F.R. § 655.22(k) is, to the extent invalidated by (1) above, vacated and remanded to DOL for further proceedings. DOL shall promulgate new rules concerning the calculation of the prevailing wage rate in the H-2B program that are in compliance with the Administrative Procedure Act no later than 120 days from the date of this order;

(3) Plaintiffs' Motion to Supplement the Administrative Record and Take Judicial Notice (Docket No. 48) is **GRANTED IN PART, DENIED IN PART, AND DISMISSED AS MOOT IN PART**. The motion is granted to the extent that it asks this court to take judicial notice of (a) the DOL regulations that historically governed the H-2B program, and (b) documents that are publicly available and posted on government websites. The motion is dismissed as moot to the extent that it seeks judicial notice of other materials, and the motion is denied to the extent that it seeks to supplement the administrative record;

(4) Plaintiffs' Motion for Preliminary Injunction (Docket No. 58) is **DISMISSED AS MOOT**; and

(5) Defendants' motion to strike certain affidavits (Docket No. 78) is **DENIED IN PART AND DISMISSED AS MOOT IN PART**. The motion is denied to the extent that it seeks to strike the affidavits filed by plaintiffs on May 28, 2010, and the motion is otherwise dismissed as moot.

BY THE COURT:

/s/Louis H. Pollak
Pollak, J.