UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMITÉ DE APOYO A LOS<br>TRABAJADORES AGRÍCOLAS, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>HILDA SOLIS, et al.,<br><br>        Defendants. | CIVIL ACTION<br><br>No. 09-240 |

Pollak, J.                                                                                                    July 20, 2011

**<u>MEMORANDUM</u>**

I.

This case involves a challenge to various regulations governing the DOL's H-2B visa program.[1] On August 30, 2010, this court invalidated, *inter alia*, four provisions governing employer applications for H-2B workers. Dkts. 80, 81. Specifically, the court invalidated: (1) 20 C.F.R. § 655.15(g), concerning when and how H-2B employers must contact unions as a potential source of domestic labor; (2) the portion of 20 C.F.R. § 655.4 defining "full time"; (3) the portion of 20 C.F.R. § 655.4 defining "job contractor"; and (4) 20 C.F.R. 655.22(k), insofar as that provision permits the clients of job contractors to hire H-2B workers without submitting an application to the Department

---

[1] For a more thorough background of this litigation, see this court's opinion of August 30, 2010. Dkt. 80.

1

of Labor.  The provisions described in (1)–(3) were remanded without vacatur; the provision described in (4) was vacated and remanded.

On January 24, 2011, the plaintiffs filed a Motion for an Order Enforcing the Judgment.  Dkt. 103.  On April 18, 2011, the plaintiffs filed a Request for Expedited Consideration, dkt. 113, which the DOL opposed on May 5, 2011, dkt. 116.  A portion of plaintiffs' motion to enforce was addressed in this court's Memorandum and Order of June 16, 2011.  Dkts. 119, 120.  The remaining portion of that motion—which asks the court to "set a date certain by which DOL must promulgate new final regulations" addressing the four invalidated provisions described above—is currently before the court.

II.

On March 18, 2011, the DOL published a Notice of Proposed Rulemaking (NPRM) addressing, *inter alia*, the four invalidated provisions described above.  *See* 76 Fed. Reg. 15130 (DOL) (Mar. 18, 2011).  The comment period for the NPRM ended on May 17, 2011.  *Id.*  The DOL has stated that it "expects to publish a final rule on or about December 15, 2011."  Dkt. 116 at 4; *see also* Ex. A ¶¶ 3, 7 (dkt. 116).  The plaintiffs have argued that "a realistically appropriate deadline for promulgation of final regulations as to these issues would be September 14, 2011."  Dkt. 113 at 7.

When this court invalidated various H-2B regulations, it explicitly set a deadline for the promulgation of certain revised regulations—i.e., those governing prevailing wage determinations.  *See* dkt. 81.  But the court did not set a deadline for revisions of the four

provisions described above, and the plaintiffs have provided no compelling justification for imposing a deadline at this juncture. Instead, plaintiffs have simply stated that "[f]ailure to establish a legal deadline for promulgation of final regulations as to these issues could result in significant delay . . . which would have an adverse impact on domestic workers." *Id.* Such a generalized desire for expediency is insufficient to warrant judicial intrusion into the DOL's rulemaking timetable. *Cf. Comite de Apoyo a Los Trabajadores v. Solis*, No. 09-240, 2010 WL 3431761, at *25 (E.D. Pa. Aug. 30, 2010) (setting 120-day deadline for promulgation of new prevailing wage regulations because (1) the invalid rule suffered from a "serious shortcoming"; and (2) the wage regulations are of "central importance" (citing *Rodway v. USDA*, 514 F.2d 809 (D.C. Cir. 1975)).

Moreover, the plaintiffs disregard the fact that the NPRM in question addresses several other facets of the H-2B program aside from the four provisions at issue here. *See, e.g.*, 76 Fed. Reg. 15130, 15149 (proposal to create national electronic job registry for all H-2B job orders); *id.* at 15149–53 (proposal to overhaul regulations governing recruitment of domestic workers); *id.* at 15155 (proposal to adjust standards for debarment of H-2B employers). Thus, plaintiffs' requested relief would amount to an instruction to the DOL to carve a sub-rule out of the NPRM, to filter out those comments relevant to the sub-rule, and then to promulgate the final sub-rule on an expedited basis. This intrusion into the rulemaking process cannot be justified merely because the

plaintiffs would like the DOL to act more quickly.  *See, e.g.*, *Fed. Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 21 (1952) (the power "'to affirm, modify, or set aside' . . . 'in whole or in part' . . . is not power to exercise an essentially administrative function" (quoting APA § 706)).  Accordingly, the remainder of plaintiffs' Motion for an Order Enforcing the Judgment will be denied.  An appropriate order accompanies this opinion.