IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMITÉ DE APOYO A LOS | : | CIVIL ACTION |
| TRABAJADORES AGRICOLAS, et al. | : | |
| v. | : | NO. 09-240 |
| THOMAS E. PEREZ, Secretary of the | : | |
| Department of Labor, et al. | : | (Filed in Consolidated C.A. No. 13-7213) |

ORDER

AND NOW, this 10th day of September, 2014, upon consideration of the parties'

respective responses (No. 13-7213, Doc. Nos. 53, 54) and supplemental responses (No. 13-7213,

Doc. Nos. 55, 56) to the Court's Order, dated July 23, 2014 (No. 09-240, Doc. No. 197), which

regard motions and issues pending in Civil Action No. 09-240, it is hereby ORDERED that:

(1)    "Plaintiffs' Motion to Compel Further Compliance With the Judgment" (No. 09-240, Doc. No. 194) is DENIED.  See accompanying Memorandum of the same date as this Order.

(2)    "Plaintiffs' Motion for a Temporary Restraining Order, Preliminary and Permanent Injunctive Relief" (No. 09-240, Doc. No. 175) is DENIED as moot.[1]

---

[1]  By Order dated July 23, 2014 (No. 09-240, Doc. No. 197), the parties were directed to inform the Court why all pending motions in this Civil Action No. 09-240 should not be denied, and why this action in its entirety should not be dismissed without prejudice, because the claims presented for decision are moot and otherwise not justiciable.  The parties reponded.  See Pls. Resp., dated July 25, 2014, and Supp. Resp., dated Aug. 22, 2014 (No. 13-7213, Doc. Nos. 53, 56); Defs. Resp., dated July 30, 2014, and Supp. Resp., dated Aug. 22, 2014 (No. 13-7213, Doc. Nos. 54, 55).  Plaintiffs "adopt in full that response by Defendants." Pls. Supp. Resp., dated Aug. 22, 2014 (No. 13-7213, Doc. No. 56).
"Plaintiffs' Motion for a Temporary Restraining Order, Preliminary and Permanent Injunctive Relief" (No. 09-240, Doc. No. 175) challenges the intra-agency processing by Defendants the Secretary of Labor and the Department of Labor (DOL) of supplemental prevailing wage determinations (SPWDs) under the April 24, 2013 Interim Final Rule, 78 Fed. Reg. 24047 (Apr. 24, 2013).  For the same reasons set forth in the Court's previous decision (Order & Mem., July 23, 2014, No. 13-7213, Doc. Nos. 51, 52), that Motion does not present any justiciable issues – that is specifically, the Motion does not present any final administrative actions that are ripe for judicial review.  In effect, the parties acknowledge as much:

The Secretary of Labor has determined that the pending supplemental prevailing wage determinations will be addressed through a declaratory order proceeding. . . . DOL intends shortly to propose a declaratory order by issuing a notice in the *Federal Register* requesting

(3)     "Defendants' Motion for a Protective Order" (No. 09-240, Doc. No. 189) is WITHDRAWN.  See Defs. Supp. Resp., dated Aug. 22, 2014 (No. 09-240, Doc. No. 55).

It is FURTHER ORDERED that this action is DISMISSED without prejudice.

The Court retains jurisdiction over Plaintiffs' outstanding claims under Fed. R. Civ. P. 54(d)(2) and the Equal Access to Justice Act, 28 U.S.C. § 2412(d) for attorneys' fees and costs. See Pls. submission (No. 09-240, Doc. No. 171); Order dated Sept. 30, 2013 (No. 09-240, Doc. No. 187).

The CLERK OF COURT is DIRECTED to mark this action CLOSED for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

comments and arguments from the public regarding the status of the supplemental prevailing wage determinations and the legal effect, if any, that Island Holdings, 2013-PWD-00002 (BALCA Dec. 3, 2013) (en banc) should have on the supplemental prevailing wage determinations that DOL issued under the Interim Final Rule.

Defs. Supp. Resp. at 2 (No. 13-7213, Doc. No. 55) (citing 5 U.S.C. § 554(e) ("The agency, with like effect as in the case of other orders, and in its sound discretion, may issue a declaratory order to terminate a controversy or remove uncertainty.")).

The parties request that issues regarding the SPWDs be stayed pending conclusion of the agency's declaratory order proceeding. See Defs. Supp. Resp. at 2 (No. 13-7213, Doc. No. 55).  The request is denied. If agency action is committed to agency discretion by law, see 5. U.S.C. § 701(a)(2),  or the action is not "final agency action," 5 U.S.C. § 704, "a plaintiff who challenges such an action cannot state a claim under the APA [Administrative Procedure Act]," and "the action must be dismissed."  Chehazeh v. Att'y Gen. of the U.S., 666 F.3d 118, 126 n.1 (3d Cir. 2012) (internal quotations marks and citations omitted).  Just as the pending motions do not present any justiciable contentions, our review of the record and the Complaint does not reveal any final agency action that is ripe for judicial review here.  And in response to the Court's Order dated July 23, 2014 (No. 09-24, Doc. No. 197), the parties have not informed the Court of any justiciable agency decisions or actions.